UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ADRIAN CIOINIGEL

                                    Plaintiff,           12 Civ. ____

       - against -

                                                              **COMPLAINT**

DEUTSCHE BANK AG, New York Branch; DEUTSCHE
BANK AMERICAS HOLDING CORP.; DEUTSCHE BANK AG;
DEUTSCHE BANK AMERICAS SEVERANCE PAY PLAN, and
JOHN DOE, administrator of the Severance Plan,

                                    Defendants.
------------------------------------------------------------------x

       Plaintiff Adrian Cioinigel, by his attorneys, Taubman Kimeleman & Soroka LLP, complaining of the defendants, alleges as follows:

## I. NATURE OF THE ACTION

This is an action for relief arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), §502(a) et seq, §1140 because DEUTSCHE BANK AG, New York Branch, and or DEUTSCHE BANK AMERICAS HOLDING CORP. (hereinafter "Deutsche Bank") interfered With Plaintiff's right to attain Severance Benefits pursuant to terms of the Deutsche Bank Americas Severance Pay Plan ("the Plan") because the Plan and John Doe ("Mr. Doe"), Individually, as Plan Administrator, failed to provide Plaintiff with Severance Benefits as required by the terms of the Plan.

## II. JURISDICTION AND VENUE

1.       The jurisdiction of this Court to adjudicate Plaintiff's claims is invoked pursuant



to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) (1), this being a suit authorized and instituted pursuant to ERISA, 29 U.S.C. § 1132(a) (1) (B).

2.	The venue is proper in this district pursuant to 29 U.S.C. § 1132 because the Defendants are found in this district and pursuant to 28 U.S.C. § 1391(b), because the causes of action arose out of Plaintiff's employment by Defendant in this district.

### III. THE PARTIES

3.	Plaintiff Adrian Cioinigel (hereinafter "Plaintiff") is currently a resident of the City and State of New York. At all times relevant to this Complaint, Plaintiff was employed as an Assistant Vice President (AVP) at Deutsche Bank in their Global Loan Services Division until his summary dismissal on or before June 30, 2011. Plaintiff was an "employee" within the meaning of ERISA, 29 U.S.C. §1002 (6).

4.	Plaintiff is also a "participant" of the Plan, IRS. No.13-3635372 and US Department of Labor number 510 within the meaning of ERISA, 29 U.S.C. §1002 (7).

5.	Upon information and belief, Defendant Deutsche Bank AG is a German Corporation which owns directly or indirectly a group of entities in the United States including Deutsche Bank Americas Holding Corp. and/or Deutsche Bank AG, New York Branch and is authorized to, and does, transact business in New York.

6.	Defendant, Deutsche Bank is an "employer" within the meaning of ERISA, 29 U.S.C. § 1002 (5), a "person" within the meaning of ERISA, 29 U.S.C. § 1002 (9) and a "plan sponsor" within the meaning of ERISA, 29 U.S.C. § 1002 (16) (b).

7.	Defendant, Deutsche Bank Americas Severance Plan ("the Plan") is an "employee

2

welfare benefit plan" within the meaning of ERISA, 29 U.S.C. § 1002 (3). Upon information and belief the Plan was administered and has its principal place of business in the New York, New York.

8. Upon information and belief Defendant John Doe is the Administrator of the Plan within the meaning of ERISA, 29 U.S.C. § 1002 (16) (b) and is sued individually in his capacity as "Plan Administrator".

## IV. STATEMENT OF FACTS

9. Plaintiff began working at Deutsche Bank since August 2000. He was an Assistant Vice President assigned to the Global Loan Services Division

10. Commencing in the summer of 2008, Deutsche Bank began making plans for the transition of the Global Loan Services Division to Jacksonville, Florida.

11. Plaintiff went to Jacksonville, Florida from July to November 2008 to help train the Florida personnel for this transition.

12. Plaintiff, in addition, spent several weeks in India in June 2010 helping to train Global Loan Services personnel assigned to India.

13. In or about March 2011, Plaintiff was notified that his position was being transitioned into Jacksonville, Florida and that his employment with Deutsche Bank would terminate no later than June 30, 2011.

14. After receiving notification that his position was being eliminated, Mr. Ira Lubinsky, Director of the Jacksonville Loan Operations and Plaintiff's supervisor, assigned Plaintiff one last task to complete. Plaintiff was to train Kwasi Bame who was assigned to the Jacksonville Branch. Plaintiff trained Mr. Bame as requested.

15. Mr. Lubinsky then advised Ms. Felicia Ivey of Deutsche Bank's Human Resources Department, that once Plaintiff finished his knowledge transfer to Mr. Bame which would be complete by the middle of May 2011, Plaintiff would have no responsibilities remaining.

16. Mr. Lubinsky further advised Ms. Ivey that there would be no purpose in keeping Plaintiff on until the end of June 2011 and stated that the last day of employment for Plaintiff should be no later than May 20, 2011.

17. It was clear to all involved including Mr., Lubinsky and the Deutsche Bank Human Resources Department that Plaintiff was seeking employment once he was notified that his position was going to be eliminated.

18. Plaintiff found another position and advised Deutsche Bank that he was going to leave to take that position since all of his tasks and assignments were complete. He was then told by Deutsche Bank that if he left before June 30, 2011 he would not receive his severance pay in accordance with the Severance Pay Plan.

19. On May 10, 2011 he notified Deutsche Bank that he was contesting the withholding of his severance entitlement.

20. Additional information concerning relating to a review of the denial was sent by

4

Plaintiff's counsel to the Plan Oversight Committee on July 26, 2011 and August 8, 2011.

21. The Plan Oversight Committee has rejected Plaintiff's request for severance.

## AS AND FOR PLAINTIFF'S FIRST CLAIM
(ERISA Section 510)

22. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 21 as if set forth herein.

23. Since on or about January 18, 2002, Defendant Deutsche Bank had in place a Severance Plan for [involuntary] termination of full time U.S. employees which provides, *inter alia*, that employees shall receive (4) weeks of salary for each year of service.

24. Plaintiff was as a continuous full time employee and was eligible for the Plan. The Severance Pay Plan created has intended beneficiaries.

25. The Severance Plan created has intended benefits.

26. Notwithstanding this fact, Defendant refused to allow Plaintiff to leave his position prior to June 30, 2011 for the purpose of interfering with any right to which he would become entitled under the Severance Pay Plan.

27. The interference with Plaintiff's interference with any right to which he may be entitled to under the Severance Plan was a violation of ERISA §510, 29 U.S.C. §1140, and ERISA §502(a) (1) (B), 29 U.S.C. § 1132(a) (1) (B),

## AS AND FOR PLAINTIFF'S SECOND CLAIM
(ERISA Section 502 (a) (1) (B))

28. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1

5

through 28 as if set forth herein.

29. The Severance Pay Plan created has an administrative scheme which should have enabled Plaintiff as well as the other participants to receive the severance benefit.

30. The Plan Administrator determined who would receive the benefit and there was a mechanism in place that provided the source of the funding of the benefit to the intended beneficiaries.

31. Defendants Deutsche Bank, Plan and Administrator denied Plaintiff's request for Severance Benefits.

32. Plaintiff's appeal pursuant to the Plan was denied.

33. Plaintiff has exhausted all administrative remedies to obtain the benefit as required by ERISA prior to bringing this suit.

34. The failure to provide Plaintiff Severance benefits is a violation of ERISA §502 (a) (1) (B), 29 U.S.C. § 1132(a) (1) (B).

35. The actions by Deutsche Bank, the Plan and the Administrators were done in an arbitrary, capricious and in bad faith.

**WHEREFORE,** plaintiff demands judgment against defendants as follows:

On the First and Second Claims:

Plaintiff demands judgment against Deutsche Bank, the Deutsche Bank Americas Severance Pay Plan and John Doe, individually, as Plan Administrator as follows:

6

(a) Declaratory relief determining that Plaintiff was eligible for Severance benefit and awarding Plaintiff such Severance benefit in accordance with the terms of the Plan.

(b) Restitution consisting of the Severance payments the Plaintiff failed to receive to date, interest on such payments.

(c) Plaintiff's reasonable attorneys fees pursuant to ERISA, 29 U.S.C. § 1132(g) (1).

On all claims, such other and further relief as this Court may be deem just and proper.

Dated: New York, New York